UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ROGERS,** | Case No. 5:15cv1567 |
| **Plaintiff,** | Criminal Case No. 5:13cr557 |
| vs. | **Judge Dan Aaron Polster** |
| **UNITED STATES OF AMERICA,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | |

Before the Court is Petitioner Christopher Rogers' *pro se* Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct his Sentence **(ECF No. 1)**. For the reasons to follow, the Motion is **DENIED** and the case summarily dismissed.

**I.**

On July 28, 2014, Rogers pled guilty to the Indictment (there was no plea agreement), which charged one count of Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §2252(a)(2) and (b)(1) and one count of Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(5)(B) and (b)(2). (*Doc: #11*). On November 24, 2014, the Court sentenced Petitioner to a prison term of ninety-seven (97) months with five (5) years of supervised release. *Doc*: #23.

On August 7, 2015, Rogers filed the instant motion. He alleges his trial counsel was constitutionally ineffective for failing to advise him of all counts, "specifically plea was for one count, second charge added at sentencing." He also alleges, without explanation, "Violations of Constitutional Rights" - unreasonable search and seizure, double jeopardy, and due process.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133–34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Rogers is not entitled to relief in the district court for the following reasons.

**III.**

In his first ground for relief, Rogers argues that he was denied the effective assistance of counsel because his attorney failed to advise him properly of all counts, "specifically plea was to one count, second charge added at sentencing."

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in

*Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Strickland*).  A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

The *Strickland* standard applies to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In the guilty plea context, the first *Strickland* element is the same.  *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59).  However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

Rogers' allegation that counsel advised him he was pleading guilty to only one count is belied by the record.  He pleaded guilty to the Indictment, which contained 2 counts.  This was explained to him at the change of plea hearing, during which he was advised of the maximum penalty for each count.  His plea to two counts is also spelled out in detail in numerous places in his Presentence Report (*see e.g. pp 1, 3, 16-17*), which he acknowledged receiving and reviewing.  At no time during either his change of plea hearing or sentencing did Rogers raise any concern over the number of counts to which he was pleading.

Accordingly, Rogers has failed to demonstrate that his counsel was deficient in any way, or that, regardless of what he claims his attorney didn't do, he would have opted to go to trail rather than plead guilty.

Finally, a bare-bones allegation of "violation of Constitutional Rights" (Rogers' second

ground for relief) is insufficient to warrant relief.  The form requires a petitioner seeking relief to "state the specific facts that support your claim"; all Rogers has done is to recite "IV Amendment-unreasonable search and seizure"; "V Amendment - Double Jeopardy"; and "XIV Amendment - Due Process".  Merely reciting a Constitutional provision is not a sufficient basis for seeking relief from aconviction or a sentence.

## IV.

Accordingly, Petitioner Christopher Rogers' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1**) is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster 8/12/15*
**Dan Aaron Polster**
**United States District Judge**